# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LISA ALLYN, | ) |
| Plaintiff, | ) No. 08-132 EJM |
| vs. | ) ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income and social security disability benefits. The briefing schedule concluded on May 26, 2009. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for payment of benefits.

Claiming an onset date of December 31, 2003, plaintiff alleges disability due to impairments including substantial neck and back pain. She asserts that the Administrative Law Judge (ALJ) erred in failing to include all credible limitations in a hypothetical question posed to a vocational expert, erred in failing to perform a proper credibility analysis, and erred in finding she had transferable skills. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include degenerative disc and joint disease, status post diskectomy, fusion and laminectomy with hardware implants in the lumbar and cervical spine, with residual pain.

Upon review, the court notes that following the hearing testimony of plaintiff and her witnesses, the ALJ properly found "for the most part, I find all three witnesses credible, or believable in terms of the impairment that she has....if you look at the records and listen to them, she has got substantial pain...all the time." T. 551.

In the written decision discounting the credibility of plaintiff's subjective allegations, the ALJ in part relied upon plaintiff's ability to do part-time work. T. 23. However, the record appears undisputed that plaintiff's part-time work was not substantial gainful activity, and as performed by plaintiff, involved substantial accommodation by the few people who employed her sparingly as a housecleaner. While the ALJ noted plaintiff's treating physician provided certain limitations, those standing, sitting and walking limitations were qualified by the further limitation "as desired" by plaintiff. T. 596. The ALJ observed that while

plaintiff urged she needed to lie down and take many breaks during the course of a day, that claim was inconsistent with the recommendations of treating physicians and therapists who recommended exercise. It is the court's view that a recommendation of exercise is not inconsistent with the need to take frequent breaks.

Upon the foregoing, it is the court's view that the ALJ's decision is not based on substantial evidence on the record as a whole. When plaintiff's subjective allegations are given the weight to which they are entitled, vocational expert testimony establishes that plaintiff is unable to engage in substantial gainful activity, day in and day out, in the "sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982) (en banc). T. 550.

Due to the court's disposition of this matter, the court need not address plaintiff's remaining contentions.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

September 16, 2009.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT